IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CRISANTO TUT-XOL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-26-3105 |
| ROBERT GUADIAN,[1] et al., | * | |
| Respondents. | * | |
| | * | |

***

**ORDER**

Pending before the Court is Plaintiff Crisanto Tut-Xol's ("Tut-Xol" or "Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1). The Petition is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons below, the Court will grant the Petition in part.

Petitioner Crisanto Tut-Xol is a native and citizen of Guatemala who entered the United States in or around 2020. (Pet. Writ Habeas Corpus ["Pet."] ¶ 22, ECF No. 1). He has no criminal history and has never had any contact with United States Immigration Officials prior to his arrest by Immigration and Customs Enforcement ("ICE") on August 6, 2026. (Id. ¶¶ 23–25). Tut-Xol has remained in the United States since 2020 and has

[1] Under Federal Rule of Civil Procedure 25(d), the current Director of the Baltimore Immigration and Customs Enforcement ("ICE") Field Office, Robert Guadian, is substituted for the former acting director of the Baltimore ICE Field Office, Vernon Liggins.

resided in Maryland for more than six years. (Id. ¶ 23). Tut-Xol and his cousin both work for Comcast, laying underground internet cables. (Pet'r's Aff. ["Aff."] ¶ 2, ECF No. 8).

On August 6, 2026, around 7:30 am, while driving to work with his cousin in a Comcast-owned car, (id.), Tut-Xol noticed that they were being followed by at least four unmarked cars, (Pet. ¶ 25; Pet'r's Reply Resp'ts' Resp. Pet. ["Reply"] at 5, ECF No. 10; Aff. ¶¶ 2–3).[2] Tut-Xol's cousin was in the driver's seat while Tut-Xol was on the passenger side. (Pet. ¶ 25). Unbeknownst to Tut-Xol or his cousin, the unmarked cars were occupied by Enforcement and Removal Operations ("ERO") Baltimore Fugitive Operations officers ("ICE Officers") who began following Tut-Xol and his cousin after a record check on their car's license plate revealed that the car was registered to an individual suspected of lacking legal status in the United States. (Resp'ts' Resp. Pet. ["Resp."] at 2, ECF No. 9). After their car became surrounded by the unmarked cars, one of which turned on its lights, Tut-Xol's cousin stopped the car. (Pet. ¶ 25; Aff. ¶ 3; Reply at 5). Then, multiple ICE Officers exited the unmarked cars and approached Tut-Xol and his cousin. (Pet. ¶ 25; Resp. at 2; Aff. ¶ 4).

One of the officers screamed at Tut-Xol's cousin, demanding that he "[o]pen the window!" (Aff. ¶ 4). Both Tut-Xol and his cousin were terrified when, immediately after demanding that Tut-Xol's cousin open the driver's side window, one of the officers smashed the driver's window, opened the driver's side door, and pulled Tut-Xol's cousin out of the car. (Pet. ¶ 25; Aff. ¶ 4). At this point, Tut-Xol voluntarily exited the car from the passenger side. (Aff. ¶ 4). Upon learning that Tut-Xol did not have legal status in the United

[2] Unless otherwise noted, citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

States, the ICE Officers handcuffed Tut-Xol, placed him in the back of one of the unmarked cars, and arrested him. (Pet. ¶ 25; Resp. at 2; Aff. ¶ 4).

After arresting Tut-Xol, the ICE Officers drove "to a pharmacy where other patrol cars were" parked. (Aff. ¶ 5). There, the ICE Officers put Tut-Xol into a different car and transported him to the ICE ERO Baltimore Resident Office for processing. (Aff. ¶ 5; Resp. at 2). Neither Tut-Xol nor his cousin received any documents from the ICE Officers at the time of their detention. (Pet. ¶ 25; Aff. ¶ 4).

At the ICE ERO Baltimore Resident Office, the ICE Officers served Tut-Xol a Warrant for Arrest of Alien, Form I-200, and issued him a Notice to Appear ("NTA"). (Reply at 5; Resp. at 2; see ECF Nos. 9-1–9-2). He also received a Notice of Custody Determination that day. (Resp. at 2; see ECF No. 9-3). Twenty-four hours later, ICE transferred Tut-Xol to the Farmville Detention Center in Virginia, and from there, he was put on a flight to the Otay Mesa Detention Center in San Diego, California, where he remains detained. (Aff. ¶ 6).

Tut-Xol filed the instant Petition on August 7, 2026. (ECF No. 1). He seeks immediate release from immigration detention for alleged violations of the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b) and 1226(a) (Count I); his Fifth Amendment right to due process (Count II); and 8 U.S.C. §§ 1226(a) and 1357(a)(2) and the Fourth and Fifth Amendments (Count III). (Pet. at 11–25). Respondents Robert Guadian, Todd Lyons, Markwayne Mullin, and Todd Blanche (collectively, "Respondents" or "the Government") filed a Response on August 20, 2026, (ECF No. 9), and Tut-Xol filed a Reply on August 27, 2026, (ECF No. 10).

This case is factually and legally similar to other cases in this District, including Gavilan Sanchez v. Liggins, No. MJM-26-2346 (D.Md. June 12, 2026), Acevedo Sanchez v. Liggins, JRR-26-2345 (D.Md. June 12, 2026), and Santos Gomez v. Guadian, GLR-26-3078 (D.Md. Aug. 6, 2026). Like the petitioners in those cases, Tut-Xol was served with a Form I-200 and an NTA only after his initial arrest and detention and, consequently, was subject to a warrantless arrest. (Aff. ¶ 4 ("The officers did not give me any kind of paperwork when they detained me."); Resp. at 2 (noting that Tut-Xol was served with the Form I-200 and issued an NTA after he was transported to the ICE ERO Baltimore Resident Office for processing)); see Hr'g Tr. 2:24–5:10, Gavilan Sanchez, No. MJM-26-2346 (D.Md. July 15, 2026) (ECF No. 18); Hr'g Tr. 35:21–36:06, Acevedo Sanchez, JRR-26-2345 (D.Md. July 23, 2026) (ECF No. 18); Mem. Op. at 9–10, Santos Gomez, GLR-26-3078 (D.Md. Aug. 28, 2026) (ECF No. 13).

Additionally, as in Gavilan Sanchez, Acevedo Sanchez, and Santos Gomez, there is no evidence in the record to suggest that Tut-Xol was likely to escape before a warrant could be obtained. See Hr'g Tr. 51:1–11, Gavilan Sanchez, No. MJM-26-2346 (D.Md. July 15, 2026) (ECF No. 18); Hr'g Tr., 36:1–38:15, Acevedo Sanchez, JRR-26-2345 (D.Md. July 23, 2026) (ECF No. 18); Mem. Op. at 7–10, Santos Gomez, GLR-26-3078 (D.Md. Aug. 28, 2026) (ECF No. 13). Respondents argue that "officers had probable cause to believe Petitioner was unlawfully present in the United States because he admitted to them that he was a citizen of a foreign country and was present in the United States without having legal documentation regarding an immigration benefit or visa." (Resp. at 5). But probable cause to believe a noncitizen is present in the United States in violation of U.S.

immigration law is not enough to conduct a warrantless arrest of that noncitizen when the officer does not also have probable cause to believe the noncitizen is likely to escape before the officer can obtain a warrant. See Mem. Op. at 7–9, Santos Gomez, GLR-26-3078 (D.Md. Aug. 28, 2026) (ECF No. 13).

Therefore, this Court will incorporate and adopt the analyses in Gavilan Sanchez, No. MJM-26-2346,[3] Acevedo Sanchez, JRR-26-2345, and Santos Gomez, GLR-26-3078,[4] conclude that the ICE Officers conducted an unlawful and warrantless arrest of Tut-Xol in violation of § 1357(a)(2), and will order Tut-Xol's immediate release from immigration detention.[5] See Hr'g Tr. 49:11–51:11, Gavilan Sanchez, No. MJM-26-2346 (D.Md. July 15, 2026) (ECF No. 18); Hr'g Tr. 33:4–38:15, Acevedo Sanchez, JRR-26-2345 (D.Md.

---

[3] While the petitioner in Gavilan Sanchez did not bring a claim for a violation of § 1357(a)(2), the Court concluded that the petitioner's warrantless arrest did not comply with either 8 U.S.C. § 1226 or § 1357(a)(2) and thus violated her Fifth Amendment right to due process. See Hr'g Tr. 49:11–51:11, Gavilan Sanchez, No. MJM-26-2346 (D.Md. July 15, 2026) (ECF No. 18). The Court here cites Gavilan Sanchez for its analysis as to Respondents' noncompliance with § 1357, the narrow grounds on which the Court will grant Tut-Xol's Petition.

[4] The Court also finds persuasive the analyses in cases from other districts. See, e.g., Arrioja Blanco v. Valdez, Civ. No. 26-cv-03312-PAB, 2026 WL 2267337, at *2 (D.Colo. Aug. 6, 2026); Hector J.A.S. v. Shea, No. CV 26-2242 (JRT/DLM), 2026 WL 1243500, at *2–3 (D.Minn. May 6, 2026); Morelos Valdovinos v. Noem, No. 1:26-CV-0338 JB/DLM, 2026 WL 948285, at *4–8 (D.N.M. Apr. 8, 2026), report and recommendation adopted in part, No. CIV 26-0338 JB/DLM, 2026 WL 2255156 (D.N.M. Aug. 5, 2026); Espinoza-Avalos v. Blanche, No. 8:26CV191, 2026 WL 1396593, at *2–3 (D.Neb. May 19, 2026); Juan J.M.E. v. Easterwood, No. 26-CV-2270-KMM-EMB, 2026 WL 1746672, at *2–3 (D.Minn. June 8, 2026), report and recommendation adopted sub nom., Juan M.E. v. Easterwood, No. 26-CV-2270 (KMM/EMB), 2026 WL 1747756 (D.Minn. June 17, 2026); Venancio P.J. v. Blanche, No. 26-CV-2740 (ECT/JFD), 2026 WL 1862252, at *2–3 (D.Minn. June 29, 2026).

[5] Having granted the Petition on the violation of 8 U.S.C. § 1357(a)(2) claim in Count III, the Court declines to reach the merits of Tut-Xol's other claims and will deny them as moot. (See Pet. 11–23).

July 23, 2026) (ECF No. 18); Mem. Op. at 4–11, Santos Gomez, GLR-26-3078 (D.Md. Aug. 28, 2026) (ECF No. 13).

Accordingly, it is this 31st day of August, 2026, by the United States District Court for the District of Maryland, hereby:

ORDERED that the Clerk shall SUBSTITUTE Robert Guadian as a Respondent in place of Vernon Liggins;

IT IS FURTHER ORDERED Tut-Xol's Petition (ECF No. 1) is GRANTED as to the violation of 8 U.S.C. § 1357(a)(2) claim in Count III and DENIED as MOOT as to Counts I–II and the remaining claims in Count III;

IT IS FURTHER ORDERED Respondents shall RELEASE Tut-Xol from immigration custody by **5:00 p.m. today, August 31, 2026**;

IT IS FURTHER ORDERED that Respondents shall FILE a status report no later than 5:00 p.m., September 1, 2026, confirming compliance with this Order; and

IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this matter to enforce compliance with this Order.

/s/
George L. Russell, III
Chief United States District Judge